BOLIN, Judge.
This suit for declaratory judgment was brought by the collateral heirs of John W. Willis seeking to be declared owners of an undivided one-seventh interest in certain oil and gas royalties, the subject matter of a lapsed legacy in the will of the decedent. From judgment in favor of Lucille Mc-Keithen, residuary legatee, the collateral heirs appeal.
This is the second time this case has been before this court. By our previous ruling Mrs. McKeithen was found not to be disqualified to receive a legacy from decedent because she attended him as his nurse during his illness. (Succession of *749 Willis, La.App., 149 So.2d 218, writs refused.)
The question now in dispute was submitted on a stipulation of facts and only legal issues are involved. John W. Willis was married but once and his wife predeceased him. He died testate in 1961 leaving no forced heirs.
Our task is to declare judicially the meaning of the following provisions of the will:
“I leave unto the following persons the respective fractional portions set opposite the name of each of my oil and gas royalties in Richland Parish properties which are on the date of this will included in the Delhi Field-Wide Unit:
“To Berry Drew Willis, Sr., my brother .%
“To Mrs. Rosa Lee Rose, my sister .Vx
“To Mrs. Laconia E. Schucker, my sister .Vr
“To Mrs. Susie W. Wilkins.
“The above bequests are not of mineral interests, but are bequests of fractional proportions of production of oil and gas which I shall own and be receiving as royalties from said properties, as the term royalties is customarily used, on the date of my death. All of the rest and remainder of all of the property, real, personal, mixed, rights and credits of which I shall die possessed I leave unto Mrs. Lucille Thompson McKeithen, the wife of T. L. McKeithen.
JOHN W. WILLIS
TESTATOR ”
One legatee, Mrs. Schucker, predeceased testator by fifteen days. The present contest concerns the proper disposition of the legacy of the one-seventh interest in the oil and gas royalties which lapsed by the death of the legatee. The specific question is whether the lapsed legacy devolves upon the heirs at law of the late John W. Willis or upon Mrs. Lucille Thompson McKeithen, as the residuary legatee.
Of first importance is the nature of the title vested in Mrs. McKeithen by the will. The principal thrust of appellants’ argument is that she is not a universal legatee. We are in agreement with the decision of the lower court that Mrs. Mc-Keithen, the legatee of all the residuum, is the universal legatee. We are likewise in agreement the remaining legacies are legacies under a particular title. As such, in the absence of forced heirs, the universal legatee benefits by the lapse of particular legacies. See Louisiana Civil Code Articles 1606, 1609, 1625 and 1697 and Succession of Abraham (La.App. 3 Cir., 1962) 136 So.2d 471 and numerous cases cited therein.
Appellants also urge the proper disposition of the lapsed legacy is controlled by the recent Supreme Court case of Succession of McCarron, 247 La. 419, 172 So.2d 63 (1965). That case primarily was concerned with whether the legatees were “conjoint” so as to be entitled to the benefits of accretion as provided in Louisiana Civil Code Articles 1706 et seq. In the McCarron case the court found that the will designated two brothers as co-legatees under a universal title and not universal legatees; and that the legacy was distributive and not conjoint. In the instant case Mrs. McKeithen is not only the universal legatee, she alone was bequeathed “all of the rest and remainder” of the estate after the discharge of certain special legacies. Since there is no issue here as to a conjoint legacy, the holding in the McCarron case is clearly inapplicable.
For the reasons assigned the judgment of the lower court is affirmed at appellants’ cost.
Affirmed.